IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LUKE CHRISTIAN SPINK, | ) | CIVIL ACTION NO.: 2:24-cv-06369-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, complaining of the Defendant alleges and says:

1. This action arises under and is brought pursuant to the Federal Tort Claims Act, 22 U.S.C. § 1346(b), 2671 et. seq., as hereinafter will fully appear.

2. Plaintiff Luke Christian Spink, born May 18, 1998, resides at 2802 Summer Trees Boulevard, Johns Island, South Carolina 29455 within the District of South Carolina and within the jurisdiction of this court.

3. This action is brought by Plaintiff against the Defendant, United State of America, acting through the Department of the Navy, a federal agency of Defendant, for loss of property and personal injury caused by a federal employee's negligent or wrongful act or omission within the scope of her office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of South Carolina where the act or omission occurred.

4. That on August 23, 2022, at approximately 4:30 a.m., Plaintiff was the operator of a moped traveling eastbound on Highway I-526.

5. That on the date, time and place aforesaid, the Defendant through Rayonna Lynn Lee Gutierrez (hereinafter "Gutierrez'), a federal employee acting within the scope of her office or employment was the operator of Nissan vehicle proceeding directly behind the moped operated by Plaintiff, and by and through the negligence and carelessness of Gutierrez her vehicle struck the Plaintiff's moped in the rear with great force and violence as a result of which Plaintiff's moped was totaled and Plaintiff sustained severe injuries and damages as hereinafter set forth.

6. At all times herein mentioned, Gutierrez was an enlisted person in the United States Navy.

7. Gutierrez military orders since 2020 provided her duty assignment at Joint Base Charleston.

8. Gutierrez was trained for a duty assignment as a Military Corrections Officer.

9. On August 23, 2022 Gutierrez's duties included maintaining the Navy's interest in security, safety and discipline at Joint Base Charleston.

10. Gutierrez's duty orders required her to travel from her residence to her duty station to report for duty at 5:00 a.m. on August 23, 2022.

11. On August 23, 2022 Gutierrez lived in Ravenel, South Carolina and was traveling to the base approximately 26 miles from her residence.

12. In order to report to her duty station on August 23, 2022 Gutierrez was traveling to Joint Base Charleston on Highway I-526.

13. On August 23, 2022 at approximately seven miles from the base Gutierrez had a collision with a moped operated by Plaintiff.

14. On August 23, 2022 Gutierrez was traveling by the most direct route from her home to base.

2

15. On August 23, 2022 Gutierrez was traveling without deviation or detour for any personal reasons or affairs.

16. At the time of the collision on August 23, 2022 Gutierrez was not on leave or pass.

17. At the time of the collision on August 23, 2022 the primary reason Gutierrez was traveling on Highway I-526 was to enable the performance of her military duties at Joint Base Charleston on August 23, 2022.

18. At the time of the collision on August 23, 2022 the primary reason for traveling on Highway I-526 was for the purpose of accomplishing the mission assigned to her by her military orders, being to perform her military duties at Joint Base Charleston.

19. Gutierrez traveled from her residence to Joint Base Charleston on a daily basis and very frequently and continuously since 2020.

20. There is no other public or other means of transportation from Gutierrez's residence to Joint Base Charleston.

21. On August 23, 2022 the only method of travel available to Gutierrez to travel from her residence to Joint Base Charleston was her private automobile.

22. On August 23, 2022 under her orders and status on active duty, Gutierrez did not have any choice other than to use her private automobile to travel to Joint Base Charleston.

23. On August 23, 2022 Gutierrez's military orders authorized the use of her private automobile for travel from her residence to Joint Base Charleston.

24. Driving her automobile from her residence to Joint Base Charleston at the time of the collision on August 23, 2022 was incident to and necessary to enable Gutierrez to perform her military service.

25. Traveling from Gutierrez's residence to Joint Base Charleston at the time of the collision on August 23, 2022 was in accordance with established base policy.

26. At the time of the collision on August 23, 2022 Gutierrez's superior officers were aware of Gutierrez's travel by private automobile.

27. At the time of the collision on August 23, 2022 Gutierrez's superior officers never prohibited her traveling in her private automobile to Joint Base Charleston from her residence.

28. On August 23, 2022 Gutierrez was driving her private automobile because there are no facilities on base at which she could live.

29. At the time of the collision on August 23, 2022 the United States Navy was aware that Gutierrez lived off base.

30. At the time of the collision on August 23, 2022 the United States provided a housing allowance to allow Gutierrez to live off base.

31. At the time of the collision on August 23, 2022 Gutierrez was required to devote full time to the Navy.

32. At the time of the collision on August 23, 2022 Gutierrez was on duty at all times, day and night.

33. At the time of the collision on August 23, 2022 Gutierrez was subject to being called to the base at all times, day and night.

34. At all times Gutierrez was subject to the Military Code of Conduct and subject to military discipline.

35. At all times as an enlisted member of the Navy Gutierrez was subject to the Navy's right to control her actions.

36. At the time of the collision on August 23, 2022 Gutierrez was in uniform as required by the Navy.

37. Gutierrez's travel at the time of the accident on August 23, 2022 was reasonably necessary to accomplish the purpose of her employment.

38. Gutierrez's travel at the time of the accident on August 23, 2022 was undertaken in furtherance of the Navy's business.

39. Gutierrez's travel on August 23, 2022 was motivated at least in some part by the purpose to serve the Navy.

40. Gutierrez's travel on the date of the accident on August 23, 2022 was undertaken for the benefit of the Navy.

41. Attached as Exhibit A is Affidavit of Gutierrez confirming Paragraphs 6-40 above.

42. That the negligence and carelessness of the Defendant consisted, among other things, of the following:

    a. Failing and omitting to stop, slacken the speed or change the lane of travel of her vehicle, when the Defendant knew, or the exercise of reasonable care should have known that by continuing to proceed her vehicle would run into the rear of Plaintiff's vehicle;

    b. In operating her vehicle at a high and excessive speed under the circumstances;

    c. In failing to have and keep her vehicle under proper and reasonable control;

    d. In failing to keep a proper lookout;

    e. In following the Plaintiff's vehicle too closely;

    f. In failing to take any precaution to avoid allowing her vehicle to strike and collide with the Plaintiff's vehicle;

      g.      In failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances.

43.    That by reason of an in consequence of the foregoing and as a direct and proximate result of the negligence and carelessness of the Defendant Plaintiff's vehicle was struck by the Defendant's vehicle, resulting in multiple injuries to Plaintiff's body including injuries to his arm and other parts of his body resulting in paralysis, all of which required operative procedures and medical treatment and hospitalization for which Plaintiff has and will in the future be required to expend large amounts of monies. He was hospitalized and in intensive care for a long period of time and was thereafter transferred to the Shepherd's Center in Atlanta, Georgia for further care and treatment, including rehabilitative therapy and other therapy, twenty-four nursing and medical care and he has been under the care of various doctors and medical specialists and remained hospitalized for a considerable amount of time. He has suffered, still suffers and will continue to suffer paralysis of his body from the waist down, extreme pain, emotional and mental anguish, embarrassment, disfigurement and depression. He has been and will in the future be required to undergo additional medical treatments. He has suffered long term adverse consequences and permanent adverse consequences. He was incapacitated and will be incapacitated and prevented from attending to his regular affairs and duties and he has suffered and will continue to suffer a loss of his earning capacity. He has been required and will be required to expend large sums of money for hospitalization, medication, therapy, treatment, and physicians and medical care. He is dependent on others for many of his basic needs and physical requirements. He has been rendered permanently and for a long period of time physically paralyzed and he has been deprived of the enjoyments of persons in like circumstances and he has been otherwise damages. His vehicle is a total loss and he will require future medical devices, past, present and future home renovation, and related construction for adaptation for his injuries and vehicle modification, all for his lifetime.

44.     Plaintiff has duly filed and Administrative Claim, in writing, for the amount sought herein on account of the actions alleged herein but the Defendant, through its administrative agency, has denied this claim by denial dated October 1, 2024.

WHEREFORE, Plaintiff prays for judgment against the Defendant for such sums as will fully, fairly and justly compensate Plaintiff and for such other and further relief as may be appropriate.

By: s/Alvin J. Hammer
Alvin J. Hammer (Fed Bar #1693)
Gedney M. Howe, IV (Fed Bar #13339)
Law Offices of Gedney M. Howe,
PO Box 1034
Charleston, SC 29402
Phone: 843-722-8048
Fax: 843-722-2140 (fax)
Email: kleroy@gedneyhowe.com
Email: Gedney4@gedneyhowe.com

Carl E. Pierce, II (Federal Bar No. 3062)
R. Richard Gergel (Federal Bar No. 104136)
Pierce, Sloan, Wilson, Kennedy & Early, LLC
321 East Bay Street
Charleston, SC 29491
Telephone:  843-722-7720
Facsimile: 843-722-7732
Email: carlpierce@piercesloan.com
Email: richardgergel@piercesloan.com

Attorneys for Plaintiff

November 8, 2024

# Exhibit A

State of South Carolina   )
                          ) AFFIDAVIT OF RAYONNA LYNN LEE GUTIERREZ
County of Charleston      )

Personally appeared before me the undersigned who being duly sworn deposes and says the following:

My name is Rayonna Lynn Lee Gutierrez. I am 31 years of age. I live at 5829 Yellow Dog Road, Ravenel, South Carolina. I am an active duty Navy enlisted person. My rank is E5. I have been active duty Navy since April 2015. I have been trained by the military to perform duties at the Joint Base Charleston, Hanahan, South Carolina and have been performing duties at that base since 2020.

My military orders since 2020 provide my duty assignment at Joint Base Charleston. My training and duty assignment is as a Military Corrections Officer. As a Military Corrections Officer my duties included maintaining the Navy's interest in security, safety and discipline on base.

My duty orders required me to travel from my residence to my duty station to report for duty at 5:00 a.m. on August 23, 2022. I was traveling to my duty station at the Joint Base Charleston located at Hanahan, South Carolina on Highway I-526. Approximately seven miles from the base I had an automobile collision with a moped operated by Luke Spink. I was traveling by the most direct route from my home without deviating or any detour for any personal affairs. I was not on leave or pass. I was not traveling on I-526 for any reason other than to enable the performance of my duties at the Joint Base Charleston, Hanahan, South Carolina on the date set forth above. My sole reason for traveling this route was for the purpose of accomplishing the mission which I was assigned, being to perform my military duties at the Joint Base Charleston

1

at Hanahan, South Carolina. My residence is approximately 26 miles from Joint Base Charleston. My travel from my residence to Joint Base Charleston was on a daily basis and very frequent and continuous since 2020. There is no public or other means of transportation available from my residence to Joint Base Charleston. The only method of travel available to travel to Joint Base Charleston was my private automobile. Under my orders and status on active duty I did not have any choice in this matter.

My military orders authorize the use of my private automobile for travel from my residence to Joint Base Charleston. Driving my automobile from my residence to Joint Base Charleston was incident to and necessary for my military service and in accordance with established base policy. My superior officers were aware of my travel by private automobile and never prohibited that travel. In fact, the Navy consented to that travel and provided a parking place for my automobile at the base.

Also, I was in my own private car because there are no facilities on base at which I may live. The United States Navy is aware I live off base and, in fact, provides a housing allowance for this purpose to me. As allowed by Base policy, I was using my own vehicle to travel to my duty station to insure that I was able to perform my military duties at the Joint Base Charleston at Hanahan, South Carolina on August 23, 2022.

I am, at all times, because of my status on active duty and my orders, required to devote full time to the Navy. I am on duty at all times day and night and subject to being called to the base at all times, day and night. At all times I am also subject to the Military Code of Conduct and subject to miliary discipline. As an enlisted member of the Navy, I am subject to the Navy's right to control my action. I was in military uniform at the time of the collision and, as required by the Navy, I called my command immediately

2

following the accident to inform them I would be coming to work as soon as I could. I did travel to the base for work after the collision because, in order to perform my ordered duties at the base for which I am employed by the United States Navy, it was necessary for me to travel to the base in order to accomplish the military service for which I am on active duty in the Navy.

*Rayonna Lynn Lee Gutierrez*

SWORN to and SUBSCRIBED before me this ____ day of __August__, 2023.

_____
Notary Public for South Carolina
My commission expires: 1-2-30

3